**Sherry G. LEWIS, Plaintiff–Appellant,**

v.

**UNITED PARCEL SERVICE, INC., Defendant–Appellee.**

**No. 02–5515.**

United States Court of Appeals, Sixth Circuit.

March 19, 2003.

Before MARTIN, Chief Judge; KENNEDY and DAUGHTREY, Circuit Judges.

### ORDER

Sherry G. Lewis appeals the summary judgment for the defendant, United Parcel Service, Inc. ("UPS"), an Ohio corporation with its principal place of business in Atlanta, Georgia, in this civil rights action filed under the Tennessee Human Rights Act ("THRA"), Tenn.Code Ann. §§ 4–21–101 et seq. She also asserted state common law claims for outrageous conduct and defamation. UPS removed the action to the United States District Court for the Middle District of Tennessee without objection under 28 U.S.C. § 1332, the diversity jurisdiction statute. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Lewis began her employment with UPS in 1979 as a package driver in Nashville, Tennessee. From 1979 through 1998,

Lewis received numerous promotions and lateral job position changes at UPS, many of which included additional job responsibilities and salary increases. However, on November 11, 1999, UPS terminated Lewis's employment, citing Lewis's unprofessional behavior as a reason for the decision.

UPS filed a motion for summary judgment on all of Lewis's claims. The district court granted the motion. On appeal, she has briefed only the outrageous conduct claim. She has thus waived the district court's dismissal of her claims of gender-based discrimination and harassment under the THRA and her state law defamation claim. *See Wright v. Holbrook*, 794 F.2d 1152, 1156–57 (6th Cir.1986).

This court reviews the district court's grant of summary judgment de novo. *See Smith v. Ameritech*, 129 F.3d 857, 863 (6th Cir.1997). Summary judgment is appropriate only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to UPS on Lewis's claim for intentional infliction of emotional distress. Under Tennessee law, a claim for intentional infliction of emotional distress must involve outrageous conduct or circumstances. *See Medlin v. Allied Inv. Co.*, 217 Tenn. 469, 398 S.W.2d 270, 274 (1966); *Swallows v. Western Elec. Co.*, 543 S.W.2d 581, 582–83 (Tenn.1976). Lewis contends that UPS engaged in outrageous conduct because "[a]fter complaining to management about the harassment," she was "used as 'bait' by management to catch the guilty male harassers." Lewis made no objection to that procedure. The culprits were identified and sanctioned. The record does not support Lewis's contentions

that defendant engaged in outrageous conduct under Tennessee law.

Accordingly, the district court's judgment is affirmed.